UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSE CHERUBIN,

    Plaintiff,

v.                                Civil Action No.: 9:16-cv-81909-DMM

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ANSWER TO COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen"), hereby answers the Complaint of Plaintiff Rose Cherubin ("Plaintiff"). Ocwen's responses are made without waiving, and expressly reserving, all rights that Ocwen has to file dispositive motions to address some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

### INTRODUCTION

1. Ocwen admits that Plaintiff purports to bring this action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the "Florida Consumer Collection Practices Act", Florida Statutes §§ 559.55–559.785 ("FCCPA"). However, Ocwen denies that any violation of the TCPA or FCCPA took place and further denies that Plaintiff is entitled to any relief.

2. Paragraph No. 2 of the Complaint states a legal conclusion to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent a response is required, Ocwen denies the allegations in Paragraph No. 2 of the Complaint.

3. Paragraph No. 3 of the Complaint states a legal conclusion to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent a response is required, Ocwen denies the allegations in Paragraph 3 of the Complaint.

4. Ocwen denies the allegations in Paragraph No. 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph No. 5 of the Complaint states a legal conclusion to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent a response is required, Ocwen denies the allegations in Paragraph No. 5 of the Complaint. Ocwen further denies that any violation of federal law has occurred.

6. Paragraph No. 6 of the Complaint states a legal conclusion to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent a response is required, Ocwen lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph No. 6 of the Complaint, and therefore, denies the same.

7. Ocwen lacks knowledge sufficient to form a belief as to the truth of the allegation as to Plaintiff's residency and therefore, denies the same. Further, Paragraph No. 7 of the Complaint states a legal conclusion to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

8. As to Paragraph No. 8, Ocwen states only that it is a Delaware limited liability company with its principal place of business in West Palm Beach, Florida. The remaining allegations in Paragraph No. 8 state a legal conclusion, to which no response is required, but to the extent the allegations are contrary to the law, they are denied. To the extent any further allegations in Paragraph No. 8 require a response, Ocwen denies those allegations.

9. Paragraph No. 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and that the conclusions are contrary to law, Ocwen denies the allegations in Paragraph No. 9 of the Complaint.

10. Ocwen denies the allegations of Paragraph No. 10 of the Complaint.

11. Ocwen denies the allegations of Paragraph No. 11 of the Complaint.

12. Paragraph No. 12 of the Complaint states a legal conclusion to which no response is required. To the extent that the conclusions are contrary to law, Ocwen denies the same. To the extent a further response is required, Ocwen denies the allegations in Paragraph No. 12 of the Complaint.

13. Ocwen denies the allegations of Paragraph No. 13 of the Complaint.

## BACKGROUND AND GENERAL ALLEGATIONS

14. Ocwen denies the allegations set forth in Paragraph No. 14 of the Complaint.

15. Ocwen denies the allegations set forth in Paragraph No. 15 of the Complaint.

16. Ocwen is without sufficient information to admit or deny the allegations of Paragraph No. 16 of the Complaint; therefore, those allegations are denied.

17. Ocwen is without sufficient information to admit or deny the allegations of Paragraph No. 17 of the Complaint; therefore, those allegations are denied.

18. Ocwen denies the allegations set forth in Paragraph No. 18 of the Complaint.

19. Ocwen denies the allegations set forth in Paragraph No. 19 of the Complaint, including the allegations contained in sub-parts (a)-(b).

20. Ocwen denies the allegations set forth in Paragraph No. 20 of the Complaint.

21. Ocwen denies the allegations set forth in Paragraph No. 21 of the Complaint.

22. The allegations set forth in Paragraph No. 22 of the Complaint contain statements and conclusions of law. To the extent the allegations vary from the law, those allegations are denied.

23. Ocwen denies the allegations set forth in Paragraph No. 23 of the Complaint.

### COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

24. Ocwen repeats and re-alleges its responses to the allegations set forth above as though fully set forth herein.

25. Paragraph No. 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the conclusions are contrary to law, Ocwen denies the allegations in Paragraph No. 25 of the Complaint.

26. Ocwen denies the allegations set forth in Paragraph No. 26 of the Complaint.

27. Ocwen denies the allegations set forth in Paragraph No. 27 of the Complaint.

28. Ocwen denies the allegations set forth in Paragraph No. 28 of the Complaint.

29. Ocwen denies the allegations set forth in Paragraph No. 29 of the Complaint.

30. Ocwen lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 30 of the Complaint, and therefore denies the same. In so far as the allegations in Paragraph No. 30 call for a legal conclusion, no response is required, but Ocwen denies any allegations in Paragraph No. 30 that are contrary to law.

31. Ocwen denies that Plaintiff is entitled to the relief requested in the Prayer of her Complaint, or to any other relief.

All allegations not specifically admitted or responded to are denied.

**COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES § 559.72(9)**

32.     Ocwen repeats and re-alleges its responses to the allegations set forth above as though fully set forth herein.

33.     Paragraph No. 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the conclusions are contrary to law, Ocwen denies the allegations in Paragraph 33 of the Complaint.

34.     Paragraph No. 34 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ocwen denies the allegations in Paragraph No. 34 of the Complaint. To the extent the legal conclusions in Paragraph No. 34 are contrary to law, Ocwen denies the same.

35.     Ocwen denies the allegations set forth in Paragraph No. 35 of the Complaint.

36.     Ocwen denies the allegations set forth in Paragraph No. 36 of the Complaint.

37.     Ocwen denies the allegations set forth in Paragraph No. 37 of the Complaint.

38.     Ocwen denies the allegations set forth in Paragraph No. 38 of the Complaint.

39.     Ocwen denies that Plaintiff is entitled to the relief requested in the Prayer of her complaint, or to any other relief.

All allegations not specifically admitted or responded to are denied.

**COUNT III-VIOLATION OF TCPA, 47 USC §227(b)(1)(A)(iii)**

40.     Ocwen repeats and re-alleges its responses to the allegations set forth above as though fully set forth herein.

41.     Ocwen denies the allegations set forth in Paragraph No. 41 of the Complaint.

42. Paragraph No. 42 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ocwen denies the allegations in this paragraph; and to the extent that the conclusions in this paragraph are contrary to law, Ocwen denies the same.

43. The allegations set forth in Paragraph No. 43 of the Complaint contain statements and conclusions of law. To the extent the allegations vary from the law, those allegations are denied.

44. Ocwen denies the allegations set forth in Paragraph No. 44 of the Complaint.

45. Ocwen denies the allegations set forth in Paragraph No. 45 of the Complaint.

46. The allegations set forth in Paragraph No. 46 of the Complaint contain statements and conclusions of law. To the extent the allegations vary from the law, those allegations are denied.

47. The allegations set forth in Paragraph No. 47 of the Complaint contain statements and conclusions of law. To the extent the allegations vary from the law, those allegations are denied.

48. Ocwen denies the allegations set forth in Paragraph No. 48 of the Complaint.

49. Ocwen denies the allegations set forth in Paragraph No. 49 of the Complaint.

50. Ocwen denies the allegations set forth in Paragraph No. 50 of the Complaint.

51. Ocwen denies the allegations set forth in Paragraph No. 51 of the Complaint.

52. Ocwen denies the allegations set forth in Paragraph No. 52 of the Complaint.

53.     Ocwen denies that Plaintiff is entitled to statutory damages, or to any other relief.

54.     Ocwen denies that Plaintiff is entitled to injunctive relief, or to any other relief.

All allegations not specifically admitted or responded to are denied.

## DEMAND FOR JURY TRIAL

Ocwen demands a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's Complaint, Ocwen alleges the following separate Affirmative and Other Defenses based on information and belief. Ocwen reserves the right to amend its Answer to add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

## FIRST DEFENSE

## STATUTE OF LIMITATIONS

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## SECOND DEFENSE

## FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim against Ocwen upon which relief can be granted.

## THIRD DEFENSE

## EQUITABLE DOCTRINES

Plaintiff's claims against Ocwen are barred by the doctrines of unclean hands, laches, waiver, estoppel, and other equitable doctrines.

## FOURTH DEFENSE

## LACK OF JURISDICTION

Plaintiff's claims are barred because the Court lacks personal jurisdiction over Ocwen and/or subject matter jurisdiction.

## FIFTH DEFENSE

## FAILURE TO JOIN NECESSARY PARTIES

Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed.

## SIXTH DEFENSE

## LACK OF STANDING

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to assert the claims alleged in this action.

## SEVENTH DEFENSE

## NO VIOLATION OF LAW

Plaintiff's claims are barred, in whole or in part, because Ocwen had no duty to Plaintiff, nor did it act fraudulent, recklessly, negligently, unconscionably or otherwise engage in any improper act in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* or any other law or code which was an allegedly proximate cause of any injury to Plaintiff.

## EIGHTH DEFENSE

## ANY FAULT IS THAT OF THIRD PARTIES OR OTHER DEFENDANTS

Plaintiff's claims against Ocwen are barred, in whole or in part, because the damages or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or part, of acts or omissions of persons or entities other than Ocwen.

## NINTH DEFENSE

## ANY FAULT IS THAT OF PLAINTIFF

Plaintiff's injuries and/or damages, if any, were the direct and proximate result, in whole or in part, of the Plaintiff's own negligence, misconduct, acts or omissions.

## TENTH DEFENSE

## COMPARATIVE NEGLIGENCE

Plaintiff's damages, if any, are barred, in whole or in part, by the doctrine of comparative negligence.

## ELEVENTH DEFENSE

## FAILURE TO MITIGATE

Plaintiff failed to mitigate damages, if any, and/or Plaintiff has otherwise incurred damages as a result of Plaintiff's own actions or inactions and, thus, Plaintiff's recovery is barred, or else must be reduced accordingly.

## TWELFTH DEFENSE

## ASSUMPTION OF RISK

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint and, pursuant to the doctrines of assumption of the risk and/or informed consent, such conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

## THIRTEENTH DEFENSE

## NO ACTUAL DAMAGES INCURRED

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of the alleged conduct of Ocwen.

## FOURTEENTH DEFENSE

## PRIOR EXPRESS CONSENT

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the alleged telephone calls within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## FIFTEENTH DEFENSE

## TELEPHONE CALLS NOT WITHIN PURVIEW OF TCPA

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## SIXTEENTH DEFENSE

## JUSTIFICATION

Plaintiff's claims are barred, in whole or in part, because Ocwen was justified under the circumstances. Ocwen did not act fraudulent, recklessly, negligently, unconscionably, or otherwise engage in any act of misrepresentation, omission, deceit, fraud, unfair act or practice, or other alleged conduct or omission.

## SEVENTEENTH DEFENSE

## FAIR AND CONSCIONABLE MEANS

Plaintiff's claims fail to the extent that the means employed by Ocwen to collect the debts at issue were fair and conscionable.

## EIGHTEENTH DEFENSE

## PRIMARY JURISDICTION OF THE FCC

Plaintiff's claims are barred, in whole or in part, by the primary jurisdiction of the Federal Communications Commission.

### NINETEENTH DEFENSE
### TRUTHFUL REPRESENTATION

Plaintiff's claims fail to the extent that the representations made by Ocwen were truthful.

### TWENTIETH DEFENSE
### ESTABLISHED BUSINESS RELATIONSHIP

Plaintiff's claims fail to the extent Defendant had an established business relationship with Plaintiff.

### TWENTY-FIRST DEFENSE
### SUBSCRIBER STATUS

Plaintiff has failed to allege that Plaintiff is the subscriber of the alleged telephone number at issue.

### TWENTY-SECOND DEFENSE
### VIOLATION OF DUE PROCESS

Insofar as the Plaintiff seeks to recover punitive or special damages, such recovery is barred because the statute by which punitive and exemplary damages would be available is unconstitutionally vague and/or overly broad, thereby violating the United States Constitution, including but not limited to the following provisions: (a) the excessive fines clause in of the U.S. Constitution, Eighth and Fourteenth Amendments; (b) the contract clause of the U.S. Constitution, Article I, Section 10, Clause 1, and the Fourteenth Amendment; and (c) the due process and equal protection clauses of the U.S. Constitution.

### TWENTY-THIRD DEFENSE
### LIMITATIONS ON DAMAGES

With respect to Plaintiff's claims for punitive and special damages, Ocwen specifically incorporates by reference any and all standards of limitations regarding the

determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 559 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

## TWENTY-FOURTH DEFENSE

## RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

All possible affirmative and other defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the Complaint. Therefore, Ocwen expressly reserves its right to amend its Answer to the Complaint to allege additional affirmative and other defenses if subsequent investigation so warrants.

**OCWEN LOAN SERVICING, LLC**

/s/ Justin T. Wong
Justin T. Wong
Florida Bar No. 89477
Troutman Sanders LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia  30308-2216
Phone:	(404) 885-3000
Facsimile:	(404) 885-3900
E-mail:	justin.wong@troutmansanders.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2017, I electronically filed the foregoing via the CM/ECF system for the Southern District of Florida, which sent notice of such filling to the following:

>George N. Andrews, Esq.
>Loan Lawyers, LLC
>2150 S. Andrews Ave. 2nd Floor
>Ft. Lauderdale, FL  33316
>Phone: 954-523-4357
>Facsimile: 954-581-2786
>George@fight13.com
>
>*Counsel for Plaintiff*
>
>
> /s/ Justin T. Wong
>Justin T. Wong
>Florida Bar No. 89477
>Troutman Sanders LLP
>600 Peachtree Street, NE, Suite 5200
>Atlanta, Georgia  30308-2216
>Phone:        (404) 885-3000
>Facsimile:    (404) 885-3900
>E-mail:        justin.wong@troutmansanders.com
>
>*Counsel for Defendant*

30035919